UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. BRANDT ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 2204 |
| v. ) | |
| ) | Judge George M. Marovich |
| BROTHERHOOD'S RELIEF and ) | |
| COMPENSATION FUND, a corporation ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas A. Brandt ("Brandt") filed in the Circuit Court of Cook County a two-count complaint for declaratory judgment against Brotherhood's Relief and Compensation Fund (the "Fund"). The Fund removed the case to this Court, and Brandt filed a motion to remand the proceedings to state court. For the reasons set forth below, the Court denies the motion.

**I.      Background**

The defendant, the Fund, is a private insurance corporation. As stated in its constitution, it is "a society for beneficial and protective purposes to all its members . . . who . . . shall be entitled to benefits for 'Held Out of Service' or 'Retirement.'" The people eligible to become members of the Fund are "employees of the Motive Power and Transportation Departments of any transportation company engaged solely in hazardous occupations, actually in the active service of such employment, who are members of their respective Railroad Brotherhood or Union under the age of sixty-five (65) years." To join the Fund, an eligible person must apply for membership and membership must be approved by the Fund. Once approved, members pay dues to the Fund and become entitled to benefits.

Plaintiff Brandt, then a locomotive engineer for the BNSF Railway Company, joined the Fund in 1974. In 2004, a dispute arose between Brandt and the BNSF Railway Company. The dispute between Brandt and BNSF resulted in BNSF's dismissing Brandt from employment in 2005.

BNSF's dismissal of Brandt ultimately gave rise to the current dispute between Brandt and the Fund. Shortly after his dismissal, Brandt filed with the Fund a notice of claim seeking "Held Out of Service Benefits." The Fund denied Brandt's claim. Brandt appealed that decision to the Fund's Board of Directors, which again denied the claim. Brandt then commenced this suit in the Circuit Court of Cook County, and the Fund removed the case to this Court.

In Count I of his complaint, Brandt alleges damages in the amount of $73,365.00 owed to him under the insurance contract the parties entered into in 1974 when Brandt became a member of the Fund. He claims that, under the contract, "the fixed and definite amount due and owing to plaintiff" for being "Held Out of Service" was $201.00 per day, up to 365 days. Brandt claims that he is entitled to "Held Out of Service Benefits" for the maximum number of days allowed under the contract (365 days), as his dismissal means he was permanently held out of service. Multiplying the alleged daily benefit ($201.00/day) times the number of days Brandt claims the Fund owed him benefits (365 days) yields the $73,365.00 amount sought in Count I of Brandt's complaint.

Count II alleges "unreasonable and vexatious delay" in payment on Brandt's benefits claim. In this Count, Brandt seeks "the maximum penalty allowable pursuant to 215 ILCS 5/155," which allows the court to "assess penalties and attorneys' fees against an insurance company that acts in a manner that is vexatious and unreasonable."

Brandt has moved to remand the case, contending that the amount in controversy requirement for federal jurisdiction is not satisfied. For the reasons discussed below, the Court finds that the amount in controversy requirement is satisfied. The Court finds that it has jurisdiction and, thus, denies Brandt's motion to remand.

## II. Discussion

Removal is governed by Chapter 28, § 1441 of the United States Code, which provides, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

The Fund removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 grants jurisdiction to a federal court in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Additionally, diversity actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The Court first considers the citizenship of the parties. Plaintiff Brandt is a citizen of Illinois. The Fund is incorporated under the laws of Pennsylvania, where it also maintains its principal place of business. Thus, the defendant is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). The parties are completely diverse.

Next, the Court considers the amount in controversy. The Court has jurisdiction only if the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. As the party seeking to invoke federal jurisdiction, the Fund has the burden of showing that the amount in controversy requirement is satisfied. *See Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). To meet this burden, the removing party need only show that the plaintiff could stand to recover over $75,000.00 if he were to prevail, not that the plaintiff would definitely be awarded more than that amount. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) ("Where both actual and putative damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount."). What matters for jurisdictional purposes is the amount the plaintiff is *seeking* to recover, not the likelihood that a plaintiff will *actually* recover that amount. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.").

Additionally, if a plaintiff seeks statutory penalties or attorneys fees, those amounts will count towards the amount in controversy "exclusive of interests and costs," even if the penalties and fees are labeled as costs in the statute that allows for their recovery. *See Missouri State Life Insurance Co v. Jones*, 290 U.S. 199, 202 (1933) ("[T]he mere declaration of the state statute [that attorney fees are to be taxed as costs] could not alter the true nature of the obligation . . . [R]espondent sought to enforce the liability imposed by statute for his benefit . . . The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes."); *Hart v. Schering-Plough*, 253 F.3d 272, 274 (7th Cir. 2001) ("Although [a] statute defines fees as part of costs . . . we know from *Missouri State Life Insurance Co. v. Jones* . . . that the division between

Next, the Court considers the amount in controversy. The Court has jurisdiction only if the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. As the party seeking to invoke federal jurisdiction, the Fund has the burden of showing that the amount in controversy requirement is satisfied. *See Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). To meet this burden, the removing party need only show that the plaintiff could stand to recover over $75,000.00 if he were to prevail, not that the plaintiff would definitely be awarded more than that amount. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) ("Where both actual and putative damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount."). What matters for jurisdictional purposes is the amount the plaintiff is *seeking* to recover, not the likelihood that a plaintiff will *actually* recover that amount. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.").

Additionally, if a plaintiff seeks statutory penalties or attorneys fees, those amounts will count towards the amount in controversy "exclusive of interests and costs," even if the penalties and fees are labeled as costs in the statute that allows for their recovery. *See Missouri State Life Insurance Co v. Jones*, 290 U.S. 199, 202 (1933) ("[T]he mere declaration of the state statute [that attorney fees are to be taxed as costs] could not alter the true nature of the obligation . . . [R]espondent sought to enforce the liability imposed by statute for his benefit . . . The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes."); *Hart v. Schering-Plough*, 253 F.3d 272, 274 (7th Cir. 2001) ("Although [a] statute defines fees as part of costs . . . we know from *Missouri State Life Insurance Co. v. Jones* . . . that the division between

'damages' and 'costs' in § 1332 depends on federal law."); *Batts Restaurant, Inc. v. Commercial Insurance Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969) ("[I]t is well settled that the amount claimed for attorney fees must be added to the principal sum sued for in determining the amount in controversy, even though [the prior version of 215 ILCS 5/155] labels the fees as costs.").

Once a removing defendant calculates that the plaintiff's complaint seeks over $75,000.00, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Sadowski*, 441 F.3d at 542. Based on allegations in Brandt's complaint, the Fund has calculated that Brandt seeks more than $75,000.00. *See Sadowski*, 441 F.3d at 541 (A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations."). Thus, if the Fund's calculation is correct and Brandt has not proven otherwise to a legal certainty, the amount in controversy requirement is met and the case properly remains in federal court.

Count I of plaintiff's complaint alleges damages in the amount of $73,365.00. Count II does not allege an exact monetary amount, but, given Count I's $73,365.00 allegation, this case meets § 1332's amount in controversy requirement as long as Count II seeks more than $1,635.00.

In Count II, Brandt seeks "the maximum penalty allowable pursuant to 215 ILCS 5/155." 215 ILCS 5/155 provides:

> In any action . . . against a company wherein there is in issue the liability of a company . . . for an unreasonable or vexatious delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155.

Plaintiff argues that "the maximum penalty allowable" under this statute is less than $1,635.01 because no attorney's fees accrued pre-filing and only pre-filing attorneys' fees count toward the amount in controversy. The statute, however, authorizes "reasonable attorney fees . . . *plus* an amount not to exceed any one of [three specified amounts]." *See* 215 ILCS 5/155 (emphasis added). The *total* amount awardable under the statute is not limited by the caps in (a)-(c); attorney's fees are available *in addition to* an amount not to exceed those caps. Thus, as long as the caps on that amount are all over $1,635.00, the additional putative amount will put the amount in controversy over $75,000.00 even without considering attorneys' fees.

The putative amount places the amount in controversy over the jurisdictional minimum, as the caps on the putative amount are all greater than $1,635.00. Cap (a) is greater than $1,635.00 because the court or jury could find that plaintiff is entitled to up to $73,365.00, and 60% of that amount is $44,019.00. Cap (b), $60,000, is obviously greater than $1,635.00. The only way that cap (c) would not exceed $1,635.00 would be if the Fund had offered Brandt a settlement of more than $73,365.00. Plaintiff does not allege that the Fund made such an offer. Therefore, it does not appear to a legal certainty that the Fund was incorrect in its calculation that the amount in controversy exceeds $75,000.00. The case stays in federal court.

In sum, this Court has jurisdiction over the case at bar. The parties are completely diverse, no defendant is a citizen of the forum state, and the amount in controversy exceeds $75,000.00. Thus, removal was proper, and Brandt's motion to remand is denied.

**III.	Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for remand.

ENTER:

_____

George M. Marovich
United States District Judge


DATED:   July 24, 2007