UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| THOMAS A. BRANDT, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 07 C 2204 |
| BROTHERHOOD'S RELIEF AND COMPENSATION FUND, | ) ) ) | Judge George M. Marovich |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas A. Brandt ("Brandt") filed a two-count complaint against defendant Brotherhood's Relief and Compensation Fund (the "Fund"). Before the Court is the defendant Fund's motion for summary judgment.[1] For reasons set forth below, the Court grants the motion for summary judgment.

**I.   Background**

Unless otherwise noted, the following facts are undisputed.[2]

---

[1] The Court has jurisdiction over this case because the parties are diverse (plaintiff is a citizen of Illinois and defendant is a citizen of Pennsylvania, where it is incorporated and has its principal place of business), and the amount in controversy is greater than $75,000.00.

[2] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other

The defendant Fund is a non-profit, fraternal benefit society, whose purpose is to pay certain benefits to members in accordance with the Fund's constitution. Its members are individuals who work for railroads. Among the benefits provided under the constitution are "held out of service" benefits.

Brandt is a member of the Fund. Brandt filed this claim to obtain "held out of service" benefits he believes he is entitled to pursuant to the Constitution of the Fund. Brandt believes he is entitled to benefits for the time period after he was discharged from his position at Burlington Northern Santa Fe Railroad Company ("BNSF").

Brandt worked for BNSF as a switchman and locomotive engineer from the date he was hired in 1990 until late June 2005, when BNSF terminated his employment. Before his discharge, Brandt, who suffers from cervicobrachial syndrome and brachial neuritis, had taken intermittent leave under the Family and Medical Leave Act. After an investigation (which included two hearings, at which Brandt offered testimony and evidence and cross-examined witnesses), BNSF notified Brandt that it was terminating his employment for "violation of General Code of Operating Rule 1.6 Conduct [4] Dishonest, for fraudulent use of your approved Family Medical Intermittent Leave during the certification period of March 25, 2004 through December 8, 2004." (The text of BNSF's rule is not in the record.)

Brandt, who had spent many years in the railroad industry, had been a member of the Fund since 1974. Over the years, Brandt made at least three other claims (in 1978, 1987 and 1995) for "held out of service" benefits. The Fund granted each of those claims. The Fund denied, however, Brandt's most-recent claim.

The Fund's Constitution, as of the time Brandt was denied benefits, provided, in relevant part:

---

evidence admissible for summary judgment purposes are not considered by the Court.

**Art. III – Purpose –** The object of the Organization is the maintenance of a society for beneficial and protective purposes to all its members from funds collected therein, who, subject to the provisions hereof, shall be entitled to benefits for "Held Out of Service" or "Retirement" as hereinafter defined.

\*     \*     \*

**Art. XI – Claims for Benefits** (Sec. 1) – Disposition of claims will be made by an Officer or Director of the Organization who shall approve or refuse the claim.

\*     \*     \*

(Sec. 7) – When the cause for discipline in the employer's official notification is excluded from benefits hereunder, no benefits or compensation shall be paid by the Organization, even though it may appear such discipline was erroneously assessed, and the member's redress for such discipline shall be against the employer.

(Sec. 8) – The person reviewing a claim, and the Board of Directors on appeal, shall be entitled to rely upon their experience as railroaders in exercising their discretion in determining whether a claim is a willful or intentional rule violation, and their determination shall be final and binding and shall not be set aside as an abuse of discretion for lack of evidence in support thereof in the claim being reviewed.

**Art. XII – Condition of Payment of Benefits**

\*     \*     \*

(Sec. 4) – Member shall not be eligible for any benefits or compensation whatsoever for "Held Out of Service," as hereinafter defined, where such claim is based in whole or in part upon refusal to perform any duty or service for the employer, insubordination, sleeping on duty, engaging in an altercation (be it physical or verbal), missing calls, playing cards, not being available for duty, not reporting for duty on time, war, strike, being furloughed, misrepresentation of facts to the employer, misappropriation of funds or property, abolishment of job, abandonment of tracks, merger, failure to take training or to take or pass any examination or test required by the employer, failure or neglect of the employer to fix or arrange a time for or give any examination or test prerequisite to duty or service, use or possession of intoxicants, narcotics, sedatives, stimulants or hallucinogens or other drugs, or a derivative or combination of any of these, when subject to call, when reporting for duty, while on duty, while on Company property, while occupying facilities paid for or furnished by the Company or any charge involving a Rule "G" infraction or who conducts himself in a manner

which would subject the employer to criticism, and shall not in any case whatsoever pay any sick or death benefits to any of its members.

\*   \*   \*

**Art. XXXI – Appeals** (Sec. 1) – Any member feeling himself aggrieved by the decision of the tribunal authorized to hear and determine his case, whether it be a claim for benefits or expulsion from membership for any cause whatsoever, or in any other matter pertaining to his membership in or benefits from the Organization, or as to the construction of the language or meaning of the provisions of this Constitution, or as to any complaints, objections or charges against any Officers of the Organization, or management, policy or administration of the affairs, shall pursue the procedure and exhaust the remedies of hearing and appeal as herein provided.

\*   \*   \*

(Sec. 3) – Whenever an appeal is taken, in any matter as aforesaid, to the Board of Directors, it shall be heard by the said Board of Directors at the next stated meeting thereof, or at such subsequent meeting or time that the Board may designate.

The decision of the Board of Directors by a majority vote of the members thereof upon any such matter shall be final, binding and conclusive as to all matters vested in their discretion under this Constitution, including interpretation of the Constitutional provisions, and no appeal shall be taken therefrom except as herein provided. Whether offenses are willful or intentional shall be determined within the discretion of the Board of Directors and no appeal shall lie therefrom.

\*   \*   \*

**Art. XXXIII – Definitions** (Sec 1-a) – The term "Held Out of Service," as used in this Constitution, shall include all cases where an employee of the Motive Power or Transportation Department has been entirely and permanently, or temporarily, relieved by his employer from the performance of his said usual duties after formal investigation, at which said employee was properly represented by a representative of the local grievance committee or other employee, as discipline for an offense or offenses, not, however, because of any willful or intentional violation or infraction of any order or orders, rule or rules, regulation or regulations, expressed or implied, of his employer, or of any violation or infraction of any Federal or State Law now in force or hereafter enacted.

\*   \*   \*

> **Art. XXXV – Interpretation of Constitution** (Sec. 1) – It shall be the duty of the Board of Directors in their discretion to interpret this Constitution and to determine the rights, privileges, benefits and compensation accruing thereunder. Should an abuse of that discretion be alleged in any Court, it is agreed that the same shall be adjudged in accordance with the statutes and decisions of the Commonwealth of Pennsylvania; and that the rights and duties between the Organization and its members are to be determined in accordance with the laws of the Commonwealth of Pennsylvania.

(Constitution of the Fund at 9, 11, 12, 27, 28, 32). The Constitution was changed in October 2007. In the amended Constitution, Article XII, Sec. 4 includes "use or misuse of the Family and Medical Leave Act" as conduct for which a member would not be entitled to "held out of service" benefits.

On July 3, 2005, Brandt made a claim for "held out of service" benefits. When he submitted his claim, Brandt included the official notice of investigation he had received from his employer, the transcript of the investigation hearing and the notice from his employer that he was discharged. On July 14, 2005, the Fund sent Brandt a letter to notify him that it was denying his claim for benefits. In the letter, the Fund cited Article XII, Sec. 4 and Article XXXIII, Sec. 1a.

> After the Fund denied Brandt's claim for benefits, Brandt appealed. He argued:
>
> The <u>only</u> charge upon which my dismissal is predicated is "*alleged misrepresentation of facts regarding your* (my) *instructions to BNSF's crew office*", as cited in the notices of investigation. My UTU representative, Brother Mielke and myself proved that there was no misrepresentation by entering UTU exhibit no. 15 wherein by health care provider, Dr. Balsier, stated in writing that my Carrier approved absences were consistent with the conditions which he is treating me for. Such so called instructions were given to the crew office by myself in the form of layoff requests which were entered and approved via the BNSF mainframe computer system while <u>at work and on duty</u>. The notice of investigation clearly identifies this fact by the use of the term *"while assigned as Engineer on the Chicago Division."* My dismissal for the false allegation of violation of an operating rule while on duty and under pay is consistent with payment of benefits under our Constitution.

> The only alleged rule violation upon which my dismissal is predicated is stated in the letter of discipline as *General Code of Operating Rule 1.6[4]*." Both the evidence and testimony, and the total lack of same on the part of the Carrier on this point, prove that I did not violate this rule. I did nothing wrong except to follow the Carrier's instructions to the letter in whatever form issued. Given the foregoing facts, our Constitution mandates the payment of my claim for benefits. The Constitution further insures that such requirement may not be waived.

(Brandt's appeal letter) (emphasis in original).

On July 21, 2008, the Fund responded. It informed Brandt by letter:

> As you requested, and in accordance with the provisions of Article XXXI of the *Constitution*, your claim for "Held Out of Service" benefits was presented on appeal to the Board of Directors at their regularly scheduled meeting the week of July 18, 2005.
>
> Following thorough review of all information available, the Board of Directors, by proper action, sustained the previous decision and again refused your claim for benefits since it does not come within the provisions of the *Constitution*.

(Fund's Response).

Brandt filed suit against the Fund in the Circuit Court of Cook County. The Fund removed the case to this Court. The Fund now moves for summary judgment on plaintiff's claims.

## II.  **Summary judgment standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. Plaintiff's claim for breach of contract

A fraternal benefit society, such as the Fund, is a "nonprofit, nonstock, membership organization with a representative governing system" that provides benefits to its members. *See Hawkins v. Aid Assoc. for Lutherans*, 338 F.3d 801, 803 (7th Cir. 2003). Fraternal benefit societies:

> are not regulated by the same laws as commercial insurance companies. Instead, every state . . . has a regulatory scheme that governs these organizations based on a Model Fraternal Code.

*Hawkins*, 338 F.3d at 803.

The Constitution states that it should be interpreted under the laws of Pennsylvania. The parties, however, agree that Illinois law should apply. The parties agree that this matter constitutes an internal matter of a voluntary association. Under Illinois law, courts will not interfere in the internal affairs of voluntary associations absent mistake, fraud, arbitrariness or a violation of a member's right to a fair hearing. *See Diamond v. United Food and Commercial Workers Union Local 881*, 768 N.E. 2d 865, 870 (Ill. App. Ct. 2002) (considering whether union could impose temporary special dues assessment); *Finn v. Beverly Country Club*, 683 N.E.2d 1191, 1193 (Ill. App. Ct. 1997) (considering whether a member was entitled to a discounted membership); *Lee v. Snyder*, 673 N.E. 2d 1136, 1139 (Ill. App. Ct. 1996) (considering whether hockey player should be bound by his pledge to play for particular team).

Regardless of whether the Court simply applies the plain language of the Constitution or, as the parties prefer, presses a thumb on the scale in favor of the defendant and considers whether the Fund's decision was arbitrary, the result is the same. Plaintiff cannot show that he is entitled to benefits under the plain language of the Constitution, and the Fund's decision was not arbitrary.

Members of the Fund have agreed to the terms of the Constitution. Among other things, the Constitution grants the decision-makers discretion in granting or denying benefits under the Constitution. Specifically, the Constitution provides that the person reviewing a claim and the Board of Directors on appeal "shall be entitled to rely upon their experience as railroaders in exercising their discretion in determining whether a claim is a willful or intentional rule violation, and their determination shall be final and binding . . ." (Constitution Art. XI, Sec. 8). The Constitution also says that the Fund will base its decision on the employer's official reason for discipline, even if the employer's official decision is not correct. (Constitution Art. XI, Sec. 7 "When the cause for discipline in the employer's official notification is excluded from benefits hereunder, no benefits or compensation shall be paid by the Organization, even though it may appear such discipline was erroneously assessed"). The Constitution says that if the member is wrongfully disciplined by his employer, then the member's recourse is with the employer. (Constitution Art. XI, Sec. 7 "the member's redress for such discipline shall be against the employer.").

In this case, the Fund determined that Brandt was not entitled to "held out of service" benefits due to Art.XXXIII, Sec. 1-a and Art. XII, Sec. 4. That decision was not arbitrary.

First, the Fund cited Art. XXXIII, Sec 1-a. In that section, the Constitution defines "held out of service" as having been "relieved by his employer from the performance of his said usual duties after formal investigation . . . not, however, because of any willful or intentional violation or infraction of any order or orders, rule or rules, regulation or regulations, expressed or implied, of his employer, or of any violation or infraction of any Federal or State Law now in force or hereafter enacted." (Constitution Art XXXIII, Sec. 1-a). This means that one can obtain benefits if he has been disciplined but not if he was disciplined for willful or intentional violations. *See Starr v. Brotherhood's Relief and Comp. Fund*, 268 Or. 66, 75 (S. Ct. Or. 1974) ("It is our belief that the intention of the document in question was to pay benefits to those who were taken out of service as discipline for negligent or heedless infractions and not to pay benefits to those who intentionally disobeyed orders or regulations."); *Grochmal v. Brotherhood's Relief and Comp. Fund*, Case No. 562, 1991 WL 35139 (Mass. App. Div. 1991) ("the intentional violation of any order of the employer, even if justified, disqualifies a worker from the definition of being "held out of service" as defined in the contract."). Not surprisingly, Art. XXXIII, Sec. 1-a was one of the two provisions cited to Brandt by the Fund when the Fund denied his claim for benefits. The decision is not arbitrary. Brandt's employer discharged him for fraudulent use of FMLA leave. "Fraudulent" connotes willful misuse, as opposed to negligent misuse. Accordingly, the plain terms of Art. XXXIII, Sec. 1-a of the Constitution disallow benefits for Brandt.

Nor was the Fund arbitrary when it also cited Art. XII, Sec. 4. That section of the Constitution prohibits the granting of benefits under certain circumstances. Specifically, that section provides that a member "shall not be eligible for any benefits or compensation

whatsoever for "Held Out of Service," as hereinafter defined, where such claim is based in whole or in part upon refusal to perform any duty or service for the employer, insubordination, . . . missing calls, . . . not being available for duty, . . . misrepresentation of facts to the employer . . ." (Const. Art XII, Sec. 4).  In other words, if one of the circumstances outlined in Art XII, Sec. 4 is part of a member's claim, the member is not entitled to any "held out of service" benefits. Again, Brandt was discharged for "fraudulent use of [his] approved Family Medical Intermittent Leave," which the Fund could reasonably interpret as "not being available for duty" or as "misrepresentation of facts to the employer."  Accordingly, it was not arbitrary for the Fund to conclude that Brandt was not entitled to "held out of service" benefits.

Brandt also seems to argue that it provided to the Fund evidence that Brandt had not, in fact, fraudulently misused FMLA leave.  Brandt seems to argue that the Fund should have considered whether or not he had engaged in fraudulent use of FMLA.  The Constitution, however, explicitly states that the Fund will base its decision on the employer's official reason without making a determination of whether the employer's official reason was correct.  (Const. Art. XI, Sec. 1 "When the cause for discipline in the employer's official notification is excluded from benefits hereunder, no benefits or compensation shall be paid by the Organization, even though it may appear such discipline was erroneously assessed, and the member's redress for such discipline shall be against the employer.

The Court concludes that the plain language of the Constitution supports the Fund's decision to deny Brandt's claim for benefits.  The fund's decision was not arbitrary, and the Fund is entitled to judgment as a matter of law on Count I.

    **B.**    **Plaintiff's claim for vexatious and unreasonable delay**

In Count II, Brandt claims that defendant's delay in providing benefits was vexatious and unreasonable under 215 ILCS 5/155. Brandt cannot prevail on this claim, because the Court has already concluded that Brandt was not entitled to benefits. *See DeVore v. American Family Mutual Ins. Co.*, 891 N.E.2d 505, 509 (Ill. App. Ct. 2008). Accordingly, defendant is entitled to judgment as a matter of law on Count II.

Defendant's motion for summary judgment is granted.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant Brotherhood's Relief and Compensation Fund's motion for summary judgment.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: November 12, 2008